# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALANTE MANIGAULT | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| JOHN E. WETZEL, et al. | : | NO. 13-3135 |

## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a Pennsylvania state prisoner and convicted murderer. In July of 2005, after a dispute with three other teenagers, petitioner opened fire on the group. Sixteen fired cartridge casings were found at the scene – all from the same gun. One individual escaped unharmed, a second was hit five times, but survived, and a third was killed.[1]

In December of 2006, a jury found petitioner guilty of first-degree murder, aggravated assault, attempted murder, firearm not to be carried without a license and possession of an instrument of crime. On March 20, 2007, he was sentenced to life imprisonment without the possibility of parole. Petitioner alleges that he was under 18 at the time of the crime, and seeks relief under *Miller v. Alabama*, 132 S.Ct. 2455 (2012). On July 27, 2012, petitioner submitted a supplement to a previously filed *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.*, alleging that his sentence violates the rule announced in *Miller*. (State Court docket is attached as Exhibit B.) The matter currently remains pending before the PCRA Court.

---

[1] The Superior Court's Memorandum Opinion affirming petitioner's judgment of sentence is attached as Exhibit A.

On June 6, 2013, the present habeas petition was docketed. In it petitioner raises one challenge, alleging that he is entitled to relief under *Miller*. A similar issue is presently pending in the state court, and the state court has not finished its review. Ordinarily, such a petition should be dismissed: either "without prejudice," where the petitioner has a remaining avenue of review in state court, or "with prejudice" where there is no means of state court review (for example, when the statute of limitations has expired). However, under the present circumstances, respondents believe that a stay is appropriate, subject to specific limitations.

*Discussion*

In *Miller v. Alabama*, the Supreme Court for the first time held that the Eighth Amendment requires an opportunity for individualized sentencing before a youthful offender can be sentenced to lifetime imprisonment without parole for a homicide offense. 132 S. Ct. 2455 (2012). In contrast with decisions like *Roper v. Simmons*, 125 S.Ct. 1183 (2005), which categorically proscribed capital punishment for *all* offenses committed before the offender's eighteenth birthday, *Miller* did not prohibit any type of sentence for youthful offenders who have committed murders. *See Miller*, 132 S. Ct. at 2471 ("Instead, [*Miller*] mandates only that a sentencer follow a certain process . . . before imposing a particular penalty.").

The Court of Common Pleas has not yet ruled on the pending PCRA petition, and has presumably been holding it pending the Pennsylvania Supreme Court's decisions in *Commonwealth v. Batts*, 66 A.3d 286 (Pa. Mar. 26, 2013), and *Commonwealth v. Cunningham*, No. 38 EAP 2012 (Pa., argued Sept. 12, 2012), consistent with its practice in other cases involving youthful offenders sentenced to lifetime imprisonment for

murder. *Batts* addressed the effect of *Miller* on cases that had not yet become final on direct review when *Miller* was decided.[2] *Cunningham* will address the more difficult question of whether *Miller* applies retroactively to cases, like petitioner's, that were final on direct review when *Miller* was decided. *See Commonwealth v. Cunningham*, 51 A.3d 178 (Pa. 2012) (per curiam) (order granting review).[3]

Under 28 U.S.C. § 2254, federal collateral relief from a final state court criminal judgment is barred unless state corrective processes have been exhausted, unless state corrective processes are unavailable or would plainly be ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b). The requirement of exhausting state court remedies is not satisfied if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c). To satisfy the exhaustion requirement, a claim for which federal relief is sought must first have been fairly presented through one complete round of the state's established appellate review

---

[2] In response to *Miller*, Pennsylvania's legislature amended state sentencing laws to provide for parole eligibility for youthful murderers (while retaining the possibility of a sentence of life imprisonment in cases of first-degree murder), with the minimum term of imprisonment determined by the degree of the offense (e.g., first-degree murder or second-degree murder) and the offender's age at the time of the killing. *See* 18 Pa. C.S. § 1102.1(a). These amendments, however, apply only prospectively. *Cf. Commonwealth v. Batts*, 66 A.3d at 300 (Baer, J., concurring) (suggesting that judges conducting resentencings in light of *Batts* decision consult new sentencing statute for guidance).

[3] The respondents are aware that the Third Circuit has pending before it several consolidated cases raising the related but distinct issues of whether the holding in *Miller* has been made retroactive by the Supreme Court, as required to litigate a second or successive habeas corpus application, and, if so, whether an Eighth Amendment claim under *Miller* can be litigated in federal court without first having been exhausted in state court. *See In re Baines*, No. 12-3996 (3d Cir.); *In re Pendleton*, No. 12-3617 (3d Cir.). In the event that the Third Circuit concludes that the holding in *Miller* applies retroactively and that Eighth Amendment claims may be litigated in federal court regardless of whether they were first exhausted in state court proceedings, the respondents will notify this Court promptly.

process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). In Pennsylvania, this means presenting the claim first to the Court of Common Pleas, and then again on appeal to the Superior Court of Pennsylvania. *See Wenger v. Frank*, 266 F.3d 218, 224-26 (3d Cir. 2001) (Alito, J.).

Because state courts are currently reviewing petitioner's claim, and because there can be no plausible showing that state remedies are unavailable or would clearly be ineffective to protect petitioner's rights, there is no basis to disregard the lack of exhaustion, and petitioner cannot obtain relief in this Court on his Eighth Amendment claim. *See, e.g., Lohnes v. Weber*, No. 12-CV-4196, 2012 WL 6863212, at *3-*4 (D.S.D. Dec. 3, 2012) (recommending dismissal of second or successive petition raising unexhausted Eighth Amendment claim invoking *Miller*), *approved and adopted*, 2013 WL 164243 (D.S.D. Jan. 15, 2013); *Riley v. Palakovich*, No. 05-CV-4541, 2012 WL 4473207, at *2-*4 (E.D. Pa. Aug. 30, 2012) (same), *approved and adopted*, 2012 WL 4473126 (E.D. Pa. Sept. 28, 2012).

Ordinarily, habeas corpus applications containing such claims must be dismissed. The Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), however, holds that a federal court may, in limited circumstances, stay a "protective" habeas corpus application pending the completion of state review, rather than dismiss it. At the same time, the Court has admonished that stays of habeas corpus proceedings should be the exception, rather than the rule. *See id.* at 277 (noting that "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the habeas corpus statute's objectives of promoting finality and minimizing unnecessary piecemeal litigation).

4

Under the circumstances presented here, the respondents would not oppose a stay of this proceeding until after the conclusion of state court review of his PCRA petition, conditioned on petitioner's notifying the Court and the respondents within 30 days after the conclusion of the state court proceedings. See, e.g., *Elliott v. Folino*, 2013 WL 3943163 (E.D.Pa. July 31, 2013) (Hey, M.J.) (*approved and adopted by* Yohn, J.); *Graber v. Harry*, 2013 WL 3929629 (E.D.Pa. July 30, 2013) (Rice, M.J.) (*approved and adopted by* Davis, J.); *Figueroa v. Wenerowicz*, 2013 WL 3929628 (E.D.Pa. July 30, 2013) (Angell, M.J.)(*approved and adopted by* Diamond, J.); *Stinson v. Wenerowicz*, 2013 WL 3084441 (E.D.Pa. June 18, 2013)(Hey, M.J.)(*approved and adopted by* Joyner, J.); *Correa v. Harlow*, No. 12-CV-1954, 2012 WL 3041818 (E.D. Pa. July 24, 2012), *approved and adopted*, No. 12-CV-1954, slip op. (E.D. Pa. July 31, 2012).

In not opposing a stay, the respondents emphasize that they are not waiving any applicable defenses.[4]

---

[4] Because petitioner's claim is the subject of a pending application for state postconviction relief and because the respondents do not oppose a stay pending the completion of the state court proceedings, the respondents have not addressed the merits of petitioner's Eighth Amendment claim. Should the Court determine that a response on the merits is warranted, the respondents stand ready to provide one and would request an opportunity to do so.

WHEREFORE, respondents respectfully request that this case be stayed and the petition for writ of habeas corpus be held in abeyance as a "protective" petition, until after conclusion of state court review of petitioner's PCRA petition.

Respectfully submitted,

SUSAN E. AFFRONTI
Assistant District Attorney

THOMAS W. DOLGENOS
Chief, Federal Litigation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALANTE MANIGAULT | : | CIVIL ACTION |
| v. | : | |
| JOHN E. WETZEL, et al. | : | NO. 13-3135 |

## CERTIFICATE OF SERVICE

I, SUSAN E. AFFRONTI, hereby certify that on September 4, 2013 a copy of the foregoing pleading was served by placing same, first-class, postage prepaid, in the U.S. Mail, addressed to:

Alante Manigault, GZ-8205
SCI – Houtzdale
PO Box 1000
Houtzdale, PA 16698-1000

SUSAN E. AFFRONTI
Assistant District Attorney
Philadelphia District Attorney's Office
Three South Penn Square
Corner of Juniper and S. Penn. Sq.
Philadelphia, PA 19107-3499
(215) 686-5706